Heather M. O'Shea (*Pro Hac Vice*)
hoshea@jonesday.com
JONES DAY
77 West Wacker Drive
Suite 3500
Chicago, IL 60601.1692
Telephone: +1.312.269.4009
Facsimile: +1.312.782.8585

Jason C. Wright (State Bar No. 261471)
Christopher K. Spiers (State Bar No. 300613)
jcwright@jonesday.com
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA  90071.2452
Telephone: +1.213.489.3939
Facsimile:  +1.213.243.2539

Stephanie A. Kortokrax (*Pro Hac Vice*)
skortokrax@jonesday.com
JONES DAY
325 John H. McConnell Boulevard
Suite 600
Columbus, OH 43215.2673
Telephone: +1.614.469.3939
Facsimile: +1.614.461.4198

Attorneys for Defendants
Eisenhower Medical Center, Eisenhower
Medical Associates, Inc. and Monica Khanna,
M.D.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, and State of California, *ex rel.* David Hong,<br><br>Relator,<br><br>v.<br><br>Eisenhower Medical Center, Eisenhower Medical Associates, Inc., and Monica Khanna, M.D.,<br><br>Defendants. | Case No. 5:18-cv-02667-RGK-KKx<br><br>Hon. R. Gary Klausner<br><br>[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER |

## I.  PURPOSES AND LIMITATIONS

Relator David Hong and Defendants Eisenhower Medical Center, Eisenhower Medical Associates, Inc., and Monica Khanna, M.D. (collectively with Relator referred to as "the Parties") hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The Parties further acknowledge, as set forth in Section 13.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

## II.  GOOD CAUSE STATEMENT

Disclosures and discovery activity in this action are likely to involve production of confidential, proprietary, or protected health information for which special protection from public disclosure and from use for any purpose other than this litigation may be warranted.  The Parties anticipate that such confidential and proprietary materials and information may consist of, among other things: employee, personnel, commercial, financial, or business information or agreements, trade secrets, or patient health records and financial information, including patient health information that may be subject to the provisions of the Privacy Act, 5 U.S.C. § 552a, the provisions of 45 C.F.R. §§ 164.102-164.534, the provisions of 42 U.S.C. § 1306, Cal. Civ. Code §§ 56 *et seq*., or other privacy prohibitions. Accordingly, a protective order for such information is justified in this matter to adequately protect information the Parties may use in preparation for, and in the conduct of, trial.  It is the intent of the Parties that designations will be made in good faith for materials that are confidential and non-public, and there is good

1  cause why it should not be part of the public record in this case.

2  **III.**  <u>**DEFINITIONS**</u>

3      3.1    <u>Action</u>: this pending federal lawsuit, entitled *United States of America,*

4  *and State of California, ex rel. David Hong, Relator, v. Eisenhower Medical*

5  *Center, et al.*, Case No. 5:18-cv-02667-RGK-KKx.

6      3.2    <u>Challenging Party</u>: a Party that challenges the designation of

7  information or items under this Order.

8      3.3    <u>"CONFIDENTIAL" information or items</u>: information (regardless of

9  how it is generated, stored or maintained) or tangible things that qualify for

10  protection under Federal Rule of Civil Procedure 26(c).

11      3.4    <u>Counsel</u>: Outside Counsel and In-house Counsel (as well as their

12  support staff) in this Action.

13      3.5    <u>Designating Party</u>: a Party or Non-Party to this Action that designates

14  information or items that it produces in disclosures or in responses to discovery as

15  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

16  ONLY."

17      3.6    <u>Disclosure or Discovery Material</u>: all items or information, regardless

18  of the medium or manner in which it is generated, stored, or maintained (including,

19  among other things, testimony, transcripts, and tangible things), that are produced

20  or generated in disclosures or responses to discovery in this Action.

21      3.7    <u>Expert</u>: a person with specialized knowledge or experience in a matter

22  pertinent to the litigation who has been retained by a Party or its Counsel to serve as

23  an expert witness or as a consultant in this Action.

24      3.8    <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u>

25  <u>information or items</u>: extremely sensitive CONFIDENTIAL information or items,

26  the producing Party reasonably believes that the disclosure of such discovery

27  material is likely to cause: economic harm, disclosure of highly-sensitive patient

28  information, or significant competitive disadvantage to the Producing Party.

3.9     In-house Counsel: attorneys who are employees of a Party.  In-house Counsel does not include Outside Counsel.

3.10    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

3.11    Outside Counsel: attorneys who are not employees of a Party but are retained to represent or advise a Party.

3.12    Party: any party to this Action, including all of its officers, directors, employees.

3.13    Producing Party: a Party that produces Disclosure or Discovery Material in this Action.

3.14    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

3.15    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

3.16    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

## IV.     SCOPE OF PROTECTED INFORMATION

4.1     General Scope.  The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also: (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

4.2     Limitations on Scope.  The protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the

4

public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; (b) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (c) with the consent of the Producing Party; or (d) pursuant to a court order.

4.3     Use at Trial.  Any use of Protected Material at trial shall be governed by orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

## V.   DURATION

All provisions of this Order restricting the use of documents designated pursuant to this Order shall continue to be binding after the conclusion of the litigation unless otherwise agreed to in writing or ordered by the court.  Following the final disposition of this action, the parties shall comply with their obligations as detailed in section XIV below.

## VI.   DESIGNATING PROTECTED MATERIAL

6.1     Designating Material for Protection.  A Designating Party may designate for protection under this Order only those parts of material, documents, items, or oral or written communications that qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

6.2     Manner and Timing of Designations.  Except as otherwise provided in this Order (or as otherwise stipulated or ordered), Disclosure or Discovery Material that qualifies for protection under this Order should be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     *for information in documentary form* (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or

5

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b)    *for testimony given in deposition or in other pretrial or trial proceedings*, that the Designating Party identifies on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted.  When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 28 days from the receipt of the final transcript to

identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted.  Until 28 days from the receipt of the final transcript of testimony has passed, the deposition shall be presumed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Only those portions of the testimony that are appropriately designated for protection within the 28 days shall be covered by the provisions of this Stipulated Protective Order.  A Party shall give the other Party notice if it reasonably expects a deposition, hearing, or other proceeding to include Protected Material so that the other Party can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings.  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party.  The Designating Party shall inform the court reporter of these requirements.  Any transcript that is prepared before the expiration of a 28-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed.  After the expiration of that period, the transcript shall be treated only as actually designated.

(c)     *for information produced in some form other than documentary and for any other tangible items*, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only a portion or portions of the information or item warrant

7

protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

      6.3    <u>Inadvertent Failures to Designate</u>.  Inadvertent or unintentional production of documents without prior designation shall not be deemed a waiver, in whole or in part, of the right to designate documents as otherwise allowed by this Order.  Should a Producing Party discover that an inadvertent or unintentional production of documents was made without the proper designation, the Producing Party shall immediately notify the Receiving Party and produce properly marked replacement copies as soon as practicable.

## VII.   CHALLENGES TO CONFIDENTIAL DESIGNATION

      7.1    <u>Timing for Challenges</u>. Challenges to the designation of documents may be made at any time that is consistent with the Court's Scheduling Order and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

      7.2    <u>Procedures for Challenges to Designations</u>.  Any designation made pursuant to this Order is subject to good faith challenges.  The Challenging Party shall initiate the dispute resolution process in Local Rules 37-1 and 37-2.  Any motion challenging or seeking to retain a Party's designation of material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" must be brought in strict compliance with Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement).

      (a)    The burden of proving the necessity of a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" remains with the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions.

      (b)    Notwithstanding any challenge to the designation of documents, all material previously designated under the terms of this Order shall continue to be

treated as subject to the full protections of this Order until one of the following occurs:

        1.     the Designating Party withdraws such designation in writing or otherwise waives the designation;

        3.     the Court rules that the documents should no longer be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

## VIII.   ACCESS TO AND USE OF PROTECTED MATERIAL

8.1   <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to resolve this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section XIV below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a manner that ensures that access is limited to the persons authorized under this Order.

8.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

    (a)    the Receiving Party's Outside Counsel and employees of Outside Counsel who have responsibility for the preparation and trial of the lawsuit;

    (b)    Parties and employees of a Party to this Order to whom disclosure is reasonable necessary for this Action;

    (c)    court reporters and videographers engaged for depositions, and those persons, if any, specifically engaged for the limited purpose of making

9

1              photocopies of documents or otherwise assisting in e-discovery;

2    (d)    Experts;

3    (e)    the Court, jury, and court personnel;

4    (f)    mock jurors or trial consultants who have agreed to be bound by the

5              provisions of the Order by signing a copy of Exhibit A;

6    (g)    any mediator or settlement officer who is assigned to hear this matter,

7              and his or her staff, subject to their agreement to maintain

8              confidentiality to the same degree as required by this Order;

9    (h)    the author(s), addressee(s), or recipient(s) of the "CONFIDENTIAL"

10            or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

11            discovery material; and

12    (i)    other persons only upon consent of the Producing Party or upon order

13            of the Court and on such conditions as are agreed to or ordered.

14    8.3    <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES</u>

15 <u>ONLY" Information or Items</u>.  The Parties shall not disclose or permit the

16 disclosure of any documents designated "HIGHLY CONFIDENTIAL-

17 ATTORNEYS' EYES ONLY" to any other person or entity except as set forth in

18 subparagraphs (a)-(i) below.  Subject to these requirements, the following

19 categories of persons may be allowed to review documents which have been

20 designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" pursuant

21 to this Order:

22    (a)    the Receiving Party's Outside Counsel, and such Outside Counsel's

23            paralegals and staff, and any copying or clerical litigation support

24            services working at the direction of such counsel, paralegals, and staff;

25    (b)    In-house Counsel for the Receiving Party, who are members of at least

26            one state bar in good standing, with responsibility for managing this

27            litigation;

28    (c)    Experts;

(d)    the author(s), addressee(s), or recipient(s) of the HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY information;

(e)    court reporters, stenographers, and videographers retained to record testimony taken in this action;

(f)    the Court, jury, and court personnel;

(g)    any mediator or settlement officer who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Order;

(h)    mock jurors or trial consultants who have agreed to be bound by the provisions of the Protective Order by signing a copy of Attachment A; and

(i)    other persons only upon consent of the Producing Party or upon order of the Court and on such conditions as are agreed to or ordered.

## IX.    PROTECTED MATERIALS SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

9.1    <u>Other Litigation</u>.  If a Party is served with a subpoena or a court order issued in a separate matter or litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a)    promptly notify, and in not less than 5 days, in writing the Designating Party (such notification shall include a copy of the subpoena or court order); and

(b)    promptly notify the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to a Protective Order.

The Designating Party shall respond to the Party receiving the subpoena within fifteen (15) business days of receiving the written notice.  No production or other disclosure of such information pursuant to the subpoena or other process shall

occur until the deadline for the Producing Party to respond to the written notice of the subpoena has passed.

9.2     Lawful Directive by Another Court.  If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## X.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

A Non-Party producing information or material voluntarily or pursuant to a subpoena or court order may designate such material or information pursuant to the terms of this Order.  A Non-Party's use of this Order to protect its discovery material does not entitle that Non-Party access to the Protected Material produced by any Party in this case.

## XI.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosure(s), (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment

and Agreement to Be Bound" that is attached hereto as Exhibit A.

## XII.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

12.1   <u>Impact on Privilege</u>.  Nothing in the foregoing Order shall require production of information that a Party contends is protected from disclosure by the attorney-client privilege, the work product immunity, or any other privilege, doctrine, right, or immunity.

12.2   <u>No Waiver of Privilege</u>.   In view of the potential volume of documents to be produced in the Action, documents produced may include documents that could have been withheld in whole or in part upon the basis of an absolute or qualified privilege or some other protection from disclosure.  Mere production of all or a part of a document shall not constitute a waiver of any privilege, doctrine, right, immunity, or other protection (in whole or in part) as to any portion of that document, or as to any undisclosed privileged or protected communications or information concerning the same subject matter, in this or in any other federal or state proceeding.

Thus, pursuant to Fed. R. Evid. 502(d), the inadvertent production, or the failure to assert work-product immunity, attorney-client privilege, and/or other legal privilege over a privileged or work-product-protected document, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding, in whole or in part.  A Producing Party may assert privilege or protection over produced documents at any time by notifying the Receiving Party in writing of the assertion of privilege or protection in accordance with section 12.3 below.

12.3   <u>Notice of Inadvertent Production</u>.

(a)     Should any Disclosure or Discovery Material or copies thereof contain privileged markings by the Receiving Party, such discovery materials shall instead be destroyed, and certified as destroyed, by the Receiving Party to the Producing

Party.  No use shall be made of the Disclosure or Discovery Material, nor shall they be disclosed to anyone who did not previously have access to them.

(b)     If a Producing Party determines that it has produced a privileged or otherwise protected document, the Producing Party shall provide written notice requesting the Receiving Party promptly destroy or return the document and all copies to the Producing Party, except for any pages containing privileged markings by the Receiving Party, which shall instead be destroyed and certified as such by the Receiving Party to the Producing Party.  After receiving a notice from a Producing Party, a Receiving Party must promptly destroy or return the document and all copies to the Producing Party, and may not use or disclose the document or information identified by the Producing Party until the privilege claim is resolved. If a Receiving Party disclosed the document or information specified in the notice before receiving the notice, it must take reasonable steps to retrieve it, and so notify the Producing Party of the disclosure and its efforts to retrieve the document or information.  The Producing Party may substitute the protected document with a redacted version that obscures the privileged or otherwise protected information. The Producing Party must preserve the specified document or information until the privilege claim is resolved.

(c)     The notices referenced in paragraphs 12.3(a) & (b), above, shall be in writing, shall be served upon Outside Counsel for all parties, and shall contain information sufficient to:

1.     identify the document, by Bates number (if applicable) or by identifying information as necessary to locate the document within the materials produced;

2.     identify the privilege or protection asserted; and

3.     explain the basis for the invocation of the privilege.

(d)     To be effective, the notice shall be provided within a reasonable time, but no later than 30 days after a Party discovers the production of the privileged or

14

1  otherwise protected document.

2       12.4  <u>Challenges to Privilege</u>.  If the Receiving Party does not agree with the

3  privilege claim, then, after the Receiving Party has returned the documents over

4  which a claim is privilege is asserted, the Parties must attempt to resolve the dispute

5  in strict compliance with Local Rules 37-1 and 37-2  (including the Joint

6  Stipulation requirement).  If meeting and conferring regarding the privilege claim

7  pursuant to Local Rule 37-1 does not resolve the privilege claim, the Parties may

8  request in their Joint Stipulation that the Court review the challenged privileged

9  documents in camera under seal for a determination of the privilege claim.  Any

10  Party in possession of the information must preserve the information until the

11  privilege claim is resolved.  *See* Fed. R. Civ. P. 26(b)(5)(B).  The burden of proving

12  the privilege claim remains with the Producing Party.  Any briefing by any Party

13  also shall not publically disclose the information claimed to be privileged.

14       12.5  <u>Reasonableness of Procedure</u>.  The Parties agree that such procedures

15  constitute reasonable and prompt steps to prevent disclosure and to address the

16  inadvertent  disclosure, pursuant to the Federal Rules of Civil Procedure.  The

17  Parties further agree that employing electronic keyword searching to identify and

18  prevent disclosure of privileged material constitutes "reasonable steps to prevent

19  disclosure" under Federal Rule of Evidence 502(b)(2).

20                   **XIII.  MISCELLANEOUS**

21       13.1  <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any

22  person to seek its modification by the Court in the future.

23       13.2  <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this

24  Protective Order, no Party waives any right it otherwise would have to object to

25  disclosing or producing any information or item on any ground not addressed in

26  this Stipulated Protective Order.  Similarly, no Party waives any right to object on

27  any ground to use in evidence of any of the material covered by this Protective

28  Order.

13.3   <u>Filing Protected Material</u>.  In the event a Party seeks to file any material that is subject to protection under this Order with the Court, that Party shall take appropriate action to insure that the documents receive proper protection from public disclosure including: (1) filing a redacted document with the consent of the Party or Non-Party who designated the document as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"; (2) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the documents solely for in camera review (after receiving authorization from the Court); or (3) where the preceding measures are not adequate, seeking permission to file the document under seal pursuant to the procedural steps set forth in Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the Protected Material in the public record unless otherwise instructed by the Court.  Absent extraordinary circumstances making prior consultation impractical or inappropriate, the Party seeking to submit the document to the Court shall first consult with counsel for the Designating Party to determine if some measure less restrictive than filing the document under seal may serve to provide adequate protection.  This duty exists irrespective of the duty to consult on the underlying motion.

13.4   <u>HIPAA.</u>  A Producing Party may designate discovery material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," if that Party in good faith believes to contain "protected health information," as defined by 45 CFR § 164.501, and/or "individually identifiable health information," as defined by 45 CFR § 160.103, or information that is

16

1   otherwise protected from disclosure by the Privacy Act, 5 U.S.C. § 552a, or the

2   Health Insurance Portability and Accountability Act of 1996, Pub. L. 104-191

3   ("HIPAA").  Such documents and information are subject to the Standards of

4   Privacy of Individually Identifiable Health Information, 45 C.F.R. Parts 160 and

5   164, promulgated pursuant to the Health Insurance Portability and Accountability

6   Act of 1996; California Code §§ 56 *et seq*.; or other similar statutory or regulatory

7   privacy protections.  The procedures for the protection of such "CONFIDENTIAL"

8   or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or

9   items as set forth in this Protective Order provide sufficient protection such that this

10  Order meets the requirements for a "qualified protective order" under 45 C.F.R.

11  § 164.512(e)(1)(v).  Parties may not use any produced protected health information

12  to contact, either directly or indirectly, any patients or third parties without first

13  seeking Court approval in strict compliance with Local Rules 37-1 and 37-2,

14  including the Joint Stipulation requirement.

15             **XIV.      FINAL DISPOSITION**

16         Within thirty (30) days after the conclusion of the litigation, including

17  conclusion of any appeal, all documents treated as "CONFIDENTIAL" or

18  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Order,

19  including copies as defined above, as well as documents residing on discovery

20  platforms, shall be returned to the Producing Party unless: (1) the document has

21  been entered as evidence or filed (unless introduced or filed under seal); (2) the

22  Parties stipulate to destruction in lieu of return; or (3) as to documents containing

23  the notations, summations, or other mental impressions of the Receiving Party, that

24  Party elects destruction.  Notwithstanding the above requirements to return or

25  destroy documents, counsel may retain attorney work product including an index

26  which refers or relates to information designated under this Order so long as that

27  work product does not duplicate verbatim substantial portions of the text of

28  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES

ONLY" documents.  This work product continues to be "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the terms of

this Order.  Notwithstanding this provision, Parties and their Outside Counsel are

not required to delete information that may reside on their respective electronic

backup systems that are over-written in the normal course of business.

     IT IS SO STIPULATED, THROUGH OUTSIDE COUNSEL.

Dated: July 22, 2020               JONES DAY

By            _/s/ Jason C. Wright_
              Jason C. Wright
              Heather M. O'Shea
              Attorneys for Defendants
              Eisenhower Medical Center, Eisenhower
              Medical Associates, and Monica Khanna.

Dated:  July 22, 2020             HENNIG, RUIZ & Singh

By            _/s/ Sam Brown_
              ROB HENNIG
              SAM BROWN
              Attorneys for Relator
              David Hong

     FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

Dated: July 23, 2020

By           
              Hon. Kenly Kiya Kato
              United States Magistrate Judge

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### **Signature Certification**

Pursuant to Local Rule 5-4.3.4(a)(2), I hereby certify that all other signatories listed, on whose behalf this filing is submitted, concur with the contents of this filing and have authorized the filing.

*/s/ Jason C. Wright*
Jason C. Wright

1

2

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

3       The undersigned hereby acknowledges that he or she has read the Stipulated

4   Protective Order dated _____, in the above captioned action, understands the

5   terms thereof, and agrees to be bound by such terms.  The undersigned submits to

6   the jurisdiction of the United States District Court for the Central District of

7   California in matters relating to the Stipulated Protective Order and understands

8   that the terms of said Order obligate him/her to use discovery materials designated

9   CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

10   solely for the purposes of the above-captioned action, and not to disclose any such

11   confidential information to any other person, firm or concern.

12       The undersigned acknowledges that violation of the Stipulated Protective

13   Order may result in penalties for contempt of court.

14

15   Name: _____

16   Job Title: _____

17   Employer: _____

18   Business Address: _____

19

20   Date: _____          Signature: _____

21

22

23

24

25

26

27

28

[PROPOSED] STIPULATED PROTECTIVE ORDER