UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 18-2667-RGK (KKx)** | Date: | November 20, 2020 |
| Title: | *United States of America, et al. v. Eisenhower Medical Center, et al.* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order Granting in Part and Denying in Part Plaintiff's Motion to Compel [Dkt. 87]

On October 29, 2020, Plaintiff David Hong ("Plaintiff") filed a Motion to Compel ("Motion") defendants Eisenhower Medical Center ("EMC") and Eisenhower Medical Associates, Inc. ("EMA") to respond and produce certain claims data in response to Plaintiff's Request for Production No. 16.  ECF Docket No. ("Dkt.") 87, Mot.  The parties filed a Joint Stipulation pursuant to Local Rule 37-2.  Dkt. 88, JS.  The parties did not file supplemental briefs.  For the reasons stated below, Plaintiff's Motion to Compel is GRANTED IN PART and DENIED IN PART.

I.
**RELEVANT BACKGROUND**

On December 27, 2018, Plaintiff filed a Complaint against defendants EMC and EMA (collectively, "Eisenhower") alleging Eisenhower's deviations from the Medicare and Medicaid guidelines violate the False Claims Act, 31 U.S.C. §§ 3279-33, and California False Claims Act, Cal. Gov. Code §§ 12651, et seq.  Dkt. 1 at 1–2.

On January 28, 2020, Plaintiff filed a First Amended Complaint against EMC, EMA, and Monica Khanna ("Defendants").  Dkt. 36.  Plaintiff alleged Defendants submitted false claims to Medicaid and Medicare since at least 2012 for procedures that had not been properly supervised in violation of the False Claims Act and California False Claims Act.  Id. at 2, 11.

On April 24, 2020, Plaintiff served Eisenhower with Requests for Production of Documents, Set One.  Dkt. 88-1, Declaration of Sam Brown ("Brown Decl."), ¶ 4 n.1; Dkt. 88-6,

Declaration of Jason C. Wright ("Wright Decl."), ¶ 2, Ex. A.  The requests included Request for Production ("RFP") No. 16, which seeks: "Any and all DOCUMENTS reflecting and RELATING to EMC and EMA internal communications and reports regarding radiation oncology auditing, billing, documentation, activity capture, coding, compliance or operations."  Wright Decl., Ex. A at 12, 28.

On May 18, 2020, the Court issued a Scheduling Order setting a discovery cut-off date of November 24, 2020 and a jury trial for February 23, 2021.  Dkt. 60.

On May 26, 2020, Plaintiff filed a Second Amended Complaint ("SAC") against Defendants.  Dkt. 64.  Plaintiff alleges Defendants violated the False Claims Act and the California False Claims Act by submitting "false claims to Medicare and Medicaid" and creating "false records material to Medicare and Medicaid claims for health services."  Id. at 2.  The SAC alleges Defendants had submitted false claims to Medicare and Medicaid since at least 2012.  Id. at 14, 51.  Plaintiff also alleges a state tort claim for Wrongful Termination in Violation of Public Policy (Tameny) under section 1102.5 of the California Labor Code against defendant Eisenhower.  Id.

On July 2, 2020, after Plaintiff agreed to an extended response time, Eisenhower responded to Plaintiff's Requests for Production of Documents.  Brown Decl., ¶ 4 n.1, Ex. A; Wright Decl., ¶ 7.  Eisenhower objected to RFP No. 16 on grounds that the request: 1) is "overbroad in scope"; 2) "seeks document neither relevant to the subject matter of the pending action nor proportional to the needs of the case"; 3) is "unduly burdensome"; 4) "seeks confidential, proprietary, privileged, and/or trade secret information"; 5) "seeks documents outside of its possession, custody, or control"; and 7) includes terms that are "vague and ambiguous in the context of the Request[.]"  Brown Decl., Ex. A at 9.  Eisenhower indicated it was willing to meet and confer to discuss the request's scope.  Brown Decl., Ex. A at 9.

On August 21, 2020, Defendants filed an Answer.  Dkt. 81.

On September 25, 2020, Plaintiff and Defendants' counsel[1] met and conferred on discovery issues, including the timing of production.  Brown Decl., ¶ 7; Wright Decl., ¶ 18.  Defendants claimed the objections in the July 2, 2020 response were proper and Defendants were under no obligation to produce documents until Plaintiff initiated a L.R. 37-1 conference on the issue.  Id.

On October 6, 2020, a Department of Justice lawyer asked whether Defendants would agree to the Office of Inspector General ("OIG") informally producing claims data.  Wright Decl., ¶ 19.

On October 12, 2020, the parties met and conferred on the outstanding production and allegedly insufficient responses.  Brown Decl., ¶ 8; Wright Decl., ¶ 20, 22.  Plaintiff's counsel explained his belief that RFP No. 16 sought billing claims data.  Wright Decl., ¶ 22.

On October 14, 2020, Plaintiff's counsel sent a follow-up email clarifying and narrowing the scope of RFP No. 16.  Brown Decl., ¶ 9; Wright Decl., ¶ 24, Ex. J at 10.  The email clarified Plaintiff was seeking: 1) "Professional claims data and payments for services billed on a CMS 1500 or 837P

---

[1] Jason C. Wright states he is the counsel of record for all Defendants: EMA, EMC, and Monica Khanna.  Wright Decl., ¶ 1.

electronic claim under from December 2008 to present" for seven "providers and NPI numbers" and 2) "Hospital claims data and payments for services billed on a UB04 or 837I electronic claim form Bill Type 131 by Eisenhower Medical Center (CCN 050573 from December 2008 -Present." Wright Decl., ¶ 24, Ex. J at 10.  That same day, Defendants' counsel responded via email arguing "it was very unclear" how RFP No. 16 would cover individual claims.  Wright Decl., ¶ 23, Ex. I at 4. Defendants' counsel also stated Defendants will not consent to informal production of claims data by the OIG because the Centers for Medicare & Medicaid Services, not the OIG, was the proper custodian of Medicare claims data.  Wright Decl., ¶ 23, Ex. I at 6.

On October 15, 2020, Plaintiff sought claims data information from other sources, including the Centers for Medicare & Medicaid Services and an independent auditor.  Brown Decl., ¶ 15; Wright Decl., ¶ 25, Ex. K

On October 21, 2020, Plaintiff served additional Requests for Production, Set Three, seeking claims data.  Wright Decl., ¶ 27, Ex. L.  The Request for Production, Set Three, seeks 1) "Professional claims data and payments for services billed on a CMS 1500 or 837P electronic claim from December 2008 to present" for seven "providers and NPI numbers" and 2) "Hospital claims data and payments for services billed on a UB04 or 837I electronic claim form Bill Type 131 by Eisenhower Medical Center (CCN 050573) from December 2008 -Present."  Wright Decl., Ex. L at 8–9.

From October 19 to 26, 2020, Defendants' counsel responded to Plaintiff regarding RFP No. 16.  Wright Decl., Ex. J at 3–9.  Defendants' counsel noted three of the physicians, Dr. Paul Wesley Adams, Dr. David I-Feng Hsu, and Dr. John Stevenson, for which Plaintiff sought data were never employed by Eisenhower.  Id. at 5, 9.  Defendants' counsel further claimed RFP No. 16 was overbroad as to time.  Id. at 4.  Defendants' counsel stated Defendants will serve their own Touhy request to the Centers for Medicare & Medicaid Services seeking claims data.[2]  Id. at 9.

On October 28, 2020, Defendants produced claims data for the time period between July 1, 2017 and September 30, 2018.  Wright Decl., ¶ 28.

On October 29, 2020, Plaintiff filed the instant Motion to Compel with Joint Stipulation pursuant to Local Rule 37-2.  Dkt. 87, 88.  The parties did not file supplemental briefs.

The matter thus stands submitted.

///
///
///
///

---

[2] "Pursuant to 5 U.S.C. § 301, government agencies may promulgate regulations that govern how the agency will respond to third party subpoenas and requests for documents." Agility Pub. Warehousing Co. K.S.C.P. v. U.S. Dep't of Def., 246 F. Supp. 3d 34, 41 (D.D.C. 217).  "These regulations are commonly known as Touhy regulations, and requests implicating the regulations are known as Touhy requests." City of Pembroke Pines v. U.S. Immigration & Customs Enf't, 141 F. Supp. 3d 1330, 1333 (S.D. Fla. 2015).

## II.
## DISCUSSION

### A.     APPLICABLE LAW

"The parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." FED. R. CIV. P. 26 advisory committee notes (2015 amendments). Moreover, "Rule 1 . . . emphasize[s] that just as the court should construe and administer these rules to secure the just, speedy, and inexpensive determination of every action, so the parties share the responsibility to employ the rules in the same way." FED. R. CIV. P. 1 advisory committee notes (2015 amendments).

Federal Rule of Civil Procedure 26(b) provides that parties may obtain discovery regarding

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

FED. R. CIV. P. 26(b)(1). Relevant information "need not be admissible in evidence to be discoverable." Id. A court "must limit the frequency or extent of discovery otherwise allowed" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." FED. R. CIV. P. 26(b)(2)(C). "[R]elevancy alone is no longer sufficient to obtain discovery, the discovery requested must also be proportional to the needs of the case." Centeno v. City of Fresno, No. 1:16-CV-653 DAD SAB, 2016 WL 7491634, at *4 (E.D. Cal. Dec. 29, 2016) (citing In re Bard IVC Filters Prod. Liab. Litig., 317 F.R.D. 562, 564 (D. Ariz. 2016)).

"[G]eneral or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections." A. Farber & Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) (faulting defendant for making "boilerplate objections to almost every single request for production, including broad relevancy objections, objections of 'overly burdensome and harassing,' 'assumes facts not in evidence,' privacy, and attorney-client privilege/work product protection").

Federal Rule of Civil Procedure 34 governs requests for production of documents. See FED. R. CIV. P. 34. "A party seeking discovery may move for an order compelling an answer . . . production, or inspection." FED. R. CIV. P. 37(a)(3)(B). "The party moving to compel bears the burden of demonstrating why the information sought is relevant and why the responding party's objections lack merit." Bluestone Innovations LLC v. LG Elecs. Inc., No. C-13-01770 SI (EDL), 2013 WL 6354419, at *2 (N.D. Cal. Dec. 5, 2013). However, "[t]he party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." Duran v. Cisco Sys., Inc., 258 F.R.D. 375, 378 (C.D. Cal. 2009) (citing Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975)).

**B.     ANALYSIS**

As an initial matter, the Court finds Plaintiff's RFP No. 16 as submitted on April 24, 2020 encompasses claims data. The Court finds a person of ordinary intelligence would be able to ascertain that "[a]ny and all documents" related to "EMC and EMA's internal communications and reports" regarding "billing" would necessarily include claims data. See Hawthorne v. Bennington, No. 3:16-CV-00235-RCJ-CLB, 2020 WL 3884426, at *10 (D. Nev. July 8, 2020) ("The goal is that the designation be sufficient to apprise a person of ordinary intelligence what documents are required and that the court be able to ascertain whether the requested documents have been produced."). Accordingly, Defendants' objection on the grounds the request is "vague and ambiguous" is OVERRULED.

In addition, Defendants fail to submit any evidence supporting their objection that RFP No. 16, as narrowed in Plaintiff's October 14 and 21, 2020 communications, is unduly burdensome. See A. Farber & Partners, Inc., 234 F.R.D. at 188; Wright Decl., ¶ 24, Ex. J at 10, Ex. L at 8–9. Hence, Plaintiff's objection on the grounds RFP No. 16 is unduly burdensome is OVERRULED.

Moreover, the Court finds the claims data sought in RFP No. 16 is highly relevant to the subject matter of the pending action. The pending action centers on Defendants' violations of the False Claims Act and the California False Claims Act by bringing false claims to Medicare and Medicaid and creating false records material to Medicare and Medicaid claims for health services. Dkt. 64 at 1. Claims data is, thus, at the core of Plaintiff's claims. Notably, by seeking its own Touhy request for claims data and producing claims data for the time period between July 1, 2017 and September 30, 2018, Defendants appear to concede claims data is relevant. Wright Decl., ¶ 28, Ex. J at 9. Accordingly, Defendants' objection on the grounds of relevance are OVERRULED.

The Court, however, acknowledges Defendants' concerns that RFP No. 16, even as narrowed by Plaintiff in their October 14 and 21, 2020 communications, remains overbroad. See Wright Decl. ¶ 24, Ex. J at 10, Ex. L at 8–9.

First, the Court will limit the number of "providers and NPI numbers" for which RFP No. 16 seeks "claims data and payments for services billed on a CMS 1500 or 837P electronic claim[.]" See Wright Decl., Ex. L at 8–9. Of the seven providers and NPI numbers listed, three—Dr. Paul Wesley Adams, Dr. David I-Feng Hsu, and Dr. John Stevenson—were never employed by Eisenhower. Wright Decl., Ex. J at 5, 9. Eisenhower could not have submitted professional services to Medicare or Medicaid on behalf of these three physicians. Of note, Plaintiff makes no argument as to why RFP No. 16 should encompass claims data submitted by these three physicians. See dkt. 88 at 3–13. Accordingly, the Court finds RFP No. 16 should be limited to the following providers and NPI numbers: Dr. Monica Makker Khanna (NPI 1255353900), Dr. Vanusha Lingareddy (NPI 1427083393), Dr. David S. Hong (NPI 1134464795), and Dr. Robert Ryn Johnson (NPI 1598942781).

Second, the Court will limit the scope of Plaintiff's RFP No. 16 to the time period covered in Plaintiff's SAC: January 2012 to September 2018. Plaintiff's RFP No. 16 seeks claim data from December 2008 to the present. Wright Decl. ¶ 24, Ex. J at 10, Ex. L at 8–9. The operative SAC alleges Defendants had submitted false claims to Medicaid and Medicare since at least 2012. Dkt. 64 at 14, 51. In addition, Plaintiff left his position as a radiation oncologist with EMA in September 2018, id. at 2, and has not presented any information supporting misconduct by Defendants after

September 2018.  See dkt. 64.  Accordingly, the Court finds the scope of RFP No. 16 should be limited to the period between January 2012 and September 2018.

Finally, in light of Defendants' objection on the basis RFP No. 16 "seeks confidential, proprietary, privileged, and/or trade secret information," Defendants shall serve either a privilege log in accordance with Federal Rule of Civil Procedure 26(b)(5)(A), or a supplemental response to RFP No. 16 stating that no information or documents were withheld on the basis of the attorney client privilege or work product doctrine.  In addition, in light of Defendants' objection on the grounds RFP No. 16 "seeks documents outside of its possession, custody, or control," Defendants shall serve a supplemental response confirming that, after a diligent search and reasonable inquiry, it has produced all documents in its possession, custody, or control.

## III.
## CONCLUSION

Based upon the foregoing reasons, **IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel is **CONDITIONALLY GRANTED**[3] **IN PART** and **DENIED in PART** (dkt. 87) subject to the District Court granting an extension of the discovery cut-off.  **Within fourteen (14) days** of the District Court granting an extension of the discovery cut-off, Eisenhower shall serve supplemental responses to RFP No. 16 and produce responsive documents subject to the following limitations:

Defendants shall produce professional claims data and payments for services billed on a CMS 1500 or 837P electronic claim from **January 2012 to September 2018 for the following providers and NPI numbers:**

 a. Dr. Monica Makker Khanna (NPI 1255353900)
 b. Dr. Vanusha Lingareddy (NPI 1427083393)
 c. Dr. David S. Hong (NPI 1134464795)
 d. Dr. Robert Ryn Johnson (NPI 1598942781)

---

[3] This Court is without authority to order discovery after the discovery cut-off set by the District Judge or to continue the discovery cut-off.  See United States v. Celgene Corp., No. CV 10-3165 GHK (SS), 2015 WL 9661172, at *1 (C.D. Cal. Oct. 16, 2015) (holding a magistrate judge "does not have the authority to order discovery after the deadline set by the District Judge").